SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975
Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Dittig,<br><br>Plaintiff,<br><br>vs.<br><br>The Lincoln National Life Insurance Company; Weekly Disability Income Insurance for Employees of Marquee Asset Management LLC; and Marquee Asset Management LLC,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Charles Dittig ("Charlie") alleges as follows:

**JURISDICTION AND VENUE**

1. Charlie is a resident of Pinal County, Arizona.

2. Defendant Weekly Disability Income Insurance for Employees of Marquee Asset Management LLC ("Plan") is a purported ERISA benefit plan established and maintained by Marquee Asset Management LLC ("Marquee") for the benefit of its employees. It provides short-term disability benefits ("STD") for its employees.

3. Defendant The Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Indiana. Lincoln is authorized to do business in Pinal County, Arizona. Lincoln a third-party claims administrator that provides insurance claims administration services for employer-sponsored disability benefits.

4. This Court has jurisdiction over the Plan under ERISA 29 U.S.C. § 1132, and because the Plan and Marquee have caused events to occur in Arizona, out of which Charlie's claims arise.

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Marquee provided certain employees with STD benefits under the Plan.

8. Beginning on December 1, 2023, Lincoln provided STD benefits to Marquee employees through an insurance policy, No. GL 000010280493 ("Policy").

9. Marquee is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator)).

10. Lincoln is the Claim Administrator and is also a Plan Fiduciary.

11. The Policy is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102.(a)(1).

12. Lincoln determines who receives benefits and pays those benefits.

13. An employee is disabled when he is, due to sickness or injury, unable to perform each of the main duties of your Own Occupation.

14. Own Occupations refers to the occupation for which the employee is employed with the employer prior to disability and for which was his main source of earning income prior to disability.

15. The Policy includes a list of exclusions:

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

**EXCLUSIONS.** Weekly Benefits will not be payable for any period of Disability:

(1) which is the result of an intentionally self-inflicted Injury or suicide attempt;
(2) during which you are not under the Regular Care of a Physician;
(3) which is the result of war (declared or undeclared) or any act of war;
(4) which is the result of a Sickness or Injury for which you receive benefits under Workers' Compensation or similar coverage; or
(5) which arises out of (or in the course of) any employment for wage or profit, when the Disability would be covered by Workers' Compensation or similar coverage if:
    (a) the Employer had enrolled you for such coverage; and
    (b) you and your Employer had cooperated in filing a claim under that plan.

16. The Policy contains discretionary language indicating that Lincoln grants itself sole discretionary authority to determine eligibility and to administer claims in accordance with the Policy and on the Plan Administrator's behalf.

17. The Policy does not evidence that the Plan Administrator possesses discretion or the ability to delegate discretion.

18. Even if the Plan reserved discretion, there is no evidence that the Plan conferred discretion on Lincoln.

19. Without proper evidence of a discretion grant from Weekly Disability Income Insurance for Employees of Marquee Asset Management LLC to Lincoln, this claim should be reviewed *de novo*.

20. If the Court deems that abuse of discretion review is the standard of review, NYLIC's decision should be reviewed with heightened skepticism.

21. At all relevant times, Charlie was employed by Marquee, became a covered individual under the Plan and the Policy, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Executive Vice President of Infrastructure on June 27, 2024.

22. Charlie timely submitted a claim for STD benefits, Claim No. 1250010935 ("the First Claim").

23. Charlie claimed disability for atrial fibrillation, episodes of dizzy spells, difficulty with balance, shortness of breath, difficulty walking long distances, and fatigue.

24. On August 1, 2024, Lincoln denied Charlie's First Claim for STD benefits.

25. Without any income, Charlie returned to work on approximately September 3, 2024.

26. Charlie submitted three separate requests for the claim file for his First Claim on January 22, 2025, February 15, 2025, and April 30, 2025.

27. Lincoln did not provide a copy of the claim file until May 8, 2025, which was over 100 days after the initial request and after the deadline to submit the First Claim appeal had lapsed.

28. Without a copy of the claim file, Charlie submitted four separate requests for an extension to submit the First Claim appeal on January 22, 2025, February 15, 2025, April 30, 2025, and August 18, 2025.

29. Lincoln ignored these requests.

30. On February 12, 2025, Charlie was in a car accident.

31. On February 13, 2025, Charlie filed a second claim for STD benefits, Claim No. 1250010935 ("the Second Claim").

32. On February 26, 2025, Lincoln issued a denial for the Second Claim, citing work related injury as the cause of his disability and thus, an exclusion in the Policy.

33. No other denials were issued, and the claim log for the First Claim reflected only the denial issued on February 26, 2025 for the Second Claim.

34. Lincoln's handling of Charlie's appeal deprived him of a full and fair review required by 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

**COUNT I**

**REQUEST FOR DECLARATORY RELIEF**

35. Charlie incorporates all previous allegations into this Count.

36. Lincoln failed to provide Charlie with a copy of the claim file for his First Claim until after the deadline for the First Claim appeal had lapsed and over 100 days after the initial request.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

37. An opportunity to review the administrative record is essential to prepare an appeal and ensure that Charlie receives a full and fair review of his claim.

38. An actual controversy exists between the parties concerning whether Lincoln was required to treat Charlie's communications as opening an appeal, and whether it complied with ERISA's claim procedure requirements.

WHEREFORE, Charlie prays for entry of a declaratory judgment against Defendants as follows:

A. That Charlie's January 22, 2025 letter constituted a written request for review and a valid request for tolling and providing an extension;

B. That Charlie is entitled to submit an appeal for the First Claim; and

C. That Lincoln must reopen the appeal process and adjudicate his First Claim appeal under the terms of the Policy;

D. For an award of Charlie's attorneys' fees and costs incurred;

E. For such other and further relief as the Court deems just and reasonable.

**COUNT II**

**BREACH OF FIDUCIARY DUTY**

**(Against the Plan, Marquee, and Lincoln)**

39. Charlie incorporates all previous allegations into this Count.

40. Under 29 U.S.C. § 1132(a)(3), a plan participant or beneficiary may bring a claim to obtain appropriate equitable relief to address violations of ERISA or the terms of the Plan.

41. Defendants owe fiduciary obligations to participants, including Charlie.

42. Defendants must operate the Plan in the interest of beneficiaries and participants with the exclusive purpose of providing benefits.

43. ERISA requires Defendants to carry out their duties prudently and with sufficient knowledge to do so properly.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

44. Defendants must convey complete and correct material to participants and beneficiaries.

45. Defendants cannot materially mislead plan participants regardless of whether the statements or omissions were negligent or intentional.

46. Defendants must supply claimants with complete copies of their claim files.

47. On January 22, 2025, Charlie made his first set of requests regarding his First Claim, including a request for the claim file and an extension to submit the appeal.

48. Lincoln did not provide a copy of the claim until the deadline for the First Claim appeal had lapsed.

49. Lincoln never responded to Charlie's request for an extension to submit the First Claim appeal.

50. Lincoln wrongfully closed the First Claim, despite Charlie's multiple communications requesting the claim file and additional time.

51. Lincoln did not open an appeal. Instead, Lincoln wrongfully concluded that the First Claim was closed alongside the Second Claim, despite the claims being independent of each other.

52. Lincoln failed to provide directions for opening an appeal, despite Charlie's submission of his intent to appeal and request for additional time.

53. Charlie made repeated attempts to follow up with Lincoln, which largely went ignored.

54. In its handling of Charlie's First Claim and appeal, Defendants consciously, unreasonably, intentionally, and without justification breached their fiduciary duties to Charlie by violating ERISA regulations and failing to give Charlie a full and fair review.

55. Lincoln, acting on behalf of Marquee and the Plan, improperly administered Charlie's benefits.

56. Lincoln, acting on behalf of Marquee and the Plan, failed to discharge its duties with the care, skill, prudence, and diligence under the circumstances that a prudent

fiduciary acting in like capacity and familiar with such matters would use under 29 U.S.C. § 1104(a).

57. Marquee, as the Plan Administrator, acted imprudently by failing to oversee Lincoln's claims administration.

58. Defendants breached their fiduciary duties to Charlie under 29 U.S.C. § 1132(a) and all other ERISA regulations.

59. Charlie was harmed by Defendants' breaches of their fiduciary duties.

60. Charlie is entitled to equitable relief for Defendants' breach of their fiduciary duties, including for the breaches of fiduciary duties committed by any agents or third parties for Defendants.

61. Marquee was unjustly enriched as a result of the breaches of fiduciary duties by Lincoln, its claims administrator, because it wrongfully withheld benefits for its own profit.

62. Because Defendants breached their fiduciary duties, Charlie was actually harmed.

63. Lincoln and Defendants must return any benefits resulting from their breach to Charlie.

64. As a direct and proximate result of the breaches of fiduciary duty, Charlie suffered actual financial harm and incurred financial expense.

65. Charlie is entitled to injunctive and/or mandamus relief under 29 U.S.C. § 1132(a)(2)-(3). He is entitled to enjoin any act or practice by Defendants that violates ERISA or the Plan, and he is entitled to seek other appropriate equitable relief that is traditionally available in equity. Because of Lincoln's breach of fiduciary duties to Plan participants, and because of Marquee's failure to appropriately monitor Lincoln and protect Plan participants and beneficiaries from Lincoln's breaches, Lincoln should be enjoined from serving as a claim fiduciary.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

66. Marquee should be further required to implement appropriate procedures in oversight of Lincoln that will maintain accountability for the administrative responsibilities it delegates under the Plan.

67. Charlie was disabled under the terms of the Policy from June 27, 2024 until approximately September 3, 2024 when he returned to work.

68. Charlie is entitled to appropriate equitable relief against the Plan and Plan fiduciaries for breaches of the fiduciary duties.

69. Appropriate equitable relief in this case includes, but is not limited to, reformation and surcharge.

WHEREFORE, Charlie asks the Court to grant him the following relief on this Count:

A. That the Court enter judgment in favor of Charlie and against Defendants, and award him damages for non-payment of benefits as a surcharge;

B. That the Court reform the Plan and Policy so that Charlie can file an appeal for his STD benefits of the First Claim.

C. That the Court award Charlie his reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit; and

D. Any other relief to which the Court determines Charlie is entitled.

**COUNT III**
**FAILURE TO PAY BENEFITS UNDER 29 U.S.C. § 1132**

70. Charlie incorporates all previous allegations into this Count.

71. Charlie's last date of work was June 26, 2024, and his date of disability is June 27, 2024.

72. STD benefits are payable on the 8th consecutive day of disability.

73. Had Defendants properly handled Charlie's STD claim, he would be entitled to 12 weeks of benefits at 60% of his predisability income. STD benefits are due from July 4, 2024 through September 2, 2024.

74. Charlie has already qualified for and is receiving LTD benefits from Lincoln.

75. Defendants improperly administered Charlie's First Claim and failed to process it in accordance with the Plan and ERISA.

76. Defendants' failure to comply with ERISA claims procedures excuses Charlie from further exhaustion of his claim for STD benefits.

77. Defendants' failure to comply with ERISA claim procedures requires that the Court review this claim under a de novo standard of review.

WHEREFORE, Charlie asks the Court to grant him the following relief on this Count:

A. That the Court enter judgment in favor of Charlie and against Defendants for an award of his STD benefits.

B. That the Court order Defendants to pay Charlie prejudgment interest in the highest amount on all amounts to the date of judgment

C. That the Court award Charlie his reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit; and

D. Any other relief to which the Court determines Charlie is entitled.

Dated this 12th day of June 2026.

SCHIFFMAN LAW OFFICE, P.C.

By: ______________________________
Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667