***Pro Hac Vice* Motion Forthcoming**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Dittig,<br><br>Plaintiff,<br>vs.<br><br>The Lincoln National Life Insurance Company; Weekly Disability Income Insurance for Employees of Marquee Asset Management LLC; and Marquee Asset Management LLC,<br><br>Defendants. | Case No. 2:26-cv-04163-ROS<br><br>**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff's Complaint (the "Complaint"), Defendant The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

///

///

2. Lincoln admits that Marquee Asset Management LLC ("Marquee") sponsored the Marquee Asset Management LLC Short-Term Disability Income Plan (the "STD Plan") to provide disability benefits to certain employees of Marquee. Lincoln admits that the STD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Maricopa County, Arizona. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that this Court has jurisdiction over this matter, but Lincoln denies that all events asserted in the Complaint occurred in Arizona. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that this Court has jurisdiction over this matter under ERISA. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that this Court has jurisdiction over this matter and that venue is correct in this Court. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

///

////

## GENERAL ALLEGATIONS

7. Lincoln admits that Marquee sponsored the STD Plan to provide disability benefits to certain employees of Marquee. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that it issued Weekly Disability Income Insurance Policy Number 000010280493 (the "Policy") to Marquee, and that, at certain times, the Policy insured benefits from the STD Plan under the terms of the Policy. Lincoln admits the effective date of the Policy was December 1, 2023. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that Paragraph 9 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that Marquee is the Plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the STD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Upon information and belief, Lincoln denies all allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Marquee, and that, at certain times, the Policy insured benefits from the STD Plan under the terms of the Policy. Lincoln admits that it was, at certain times, the claim administrator for benefits paid from the STD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the STD Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the STD Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. To the extent that the allegations contained in Paragraph 15 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that the Policy contains sufficient discretionary language to invoke the abuse of discretion standard of review. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies all allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies all allegations contained in Paragraph 18 of the Complaint.

19. Lincoln denies all allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies all allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff was, at certain times, employed by Marquee as an Executive Vice President of Infrastructure and was a participant in the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff submitted a claim for benefits from the STD Plan in June 2024 that was assigned claim number 1240045911. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the STD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that it sent a letter to Plaintiff dated August 1, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits Plaintiff was, at certain times, employed by Marquee. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it received letters from Plaintiff's counsel dated January 22, 2025, February 12, 2025, and April 30, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies all allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that it received letters from Plaintiff's counsel dated January 22, 2025, February 12, 2025, April 30, 2025, and August 18, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies all allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for benefits from the STD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that Plaintiff submitted a second claim for benefits from the STD Plan in February 2025 that was assigned claim number 1250010935. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it sent a letter to Plaintiff dated February 26, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it sent letters to Plaintiff dated August 1, 2024, and February 26, 2025, and Lincoln refers to the letters themselves as the best evidence of

their contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claims for benefits and denies all remaining allegations contained in Paragraph 34 of the Complaint.

**COUNT I**

**REQUEST FOR DECLARATORY RELIEF**

35. Lincoln incorporates its responses to Paragraphs 1-34 by reference as if fully set forth herein.

36. Lincoln denies all allegations contained in Paragraph 36 of the Complaint.

37. To the extent that Paragraph 37 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies all allegations contained in Paragraph 38 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE paragraph following Paragraph 38 of the Complaint.

**COUNT II**

**BREACH OF FIDUCIARY DUTY**

**(Against the Plan, Marquee, and Lincoln)**

39. Lincoln incorporates its responses to Paragraphs 1-38 by reference as if fully set forth herein.

40. To the extent that Paragraph 40 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. To the extent that Paragraph 41 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated

any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. To the extent that Paragraph 42 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. To the extent that Paragraph 43 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent that Paragraph 45 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 contains legal conclusions, Lincoln is not required to answer. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that it received a letter from Plaintiff's counsel dated January 22, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies all allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies all allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies all allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies all allegations contained in Paragraph 55 of the Complaint.

56. Lincoln denies all allegations contained in Paragraph 56 of the Complaint.

57. The allegations contained in Paragraph 57 appear to pertain to Defendant Marquee and, accordingly, Lincoln is not required to respond.

58. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 appear to pertain to Defendant Marquee and, accordingly, Lincoln is not required to respond.

62. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln admits that by this action, Plaintiff is seeking certain remedies, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. The allegations contained in Paragraph 66 appear to pertain to Defendant Marquee and, accordingly, Lincoln is not required to respond.

67. Lincoln denies all allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies all allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies all allegations contained in Paragraph 69 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE paragraph following Paragraph 69 of the Complaint.

**COUNT III**

**FAILURE TO PAY BENEFITS UNDER 29 U.S.C. § 1132**

70. Lincoln incorporates its responses to Paragraphs 1-69 by reference as if fully set forth herein.

71. Lincoln admits that Plaintiff's last day of work at Marquee was February 11, 2025. Lincoln denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. To the extent that the allegations contained in Paragraph 72 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. To the extent that the allegations contained in Paragraph 73 seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that, at certain times, Plaintiff received benefits from the Marquee Asset Management LLC Long-Term Disability Income Plan. Lincoln denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln denies all allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies all allegations contained in Paragraph 76 of the Complaint.

77. Lincoln denies all allegations contained in Paragraph 77 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE paragraph of the Complaint and Paragraphs A-D thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the STD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the STD Plan, which require offset and/or repayment of other income including earnings by Plaintiff or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's

dependents receive from the Social Security Administration or workers compensation benefits received by Plaintiff.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. To the extent that Plaintiff seeks recovery from Lincoln other than past benefits from the STD Plan or attorneys' fees, such recovery is not permitted under ERISA.

6. To the extent that Plaintiff raises a claim for breach of fiduciary duty or equitable relief under 29 U.S.C. § 1132(a)(3) against Lincoln, such claim fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA under 29 U.S.C. § 1132(a)(1)(B).

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

8. Plaintiff has failed to state a claim for relief upon which statutory penalties may be awarded to Plaintiff or recovered from Lincoln.

9. Plaintiff was not prejudiced by any alleged failure by Lincoln to provide documents within the purview of 29 U.S.C. § 1132(c)(1)(B).

10. Lincoln has fully complied with all of Plaintiff's requests for documents that are within the purview of 29 U.S.C. § 1132(c)(1)(B).

11. Lincoln is not an entity from which statutory penalties under 29 U.S.C. § 1132(c)(1)(B) can be assessed or from which such statutory penalties may be recovered.

12. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

13. Lincoln reserved the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED this 16th day of July, 2026.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant, The Lincoln National Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lisa J. Counters
Lisa@Schiffmanlaw.com
Attorneys for Plaintiff

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.